IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ANTHONY W. ELLIOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:22-cv-743–HEH |
| COMMONWEALTH OF VIRGINIA, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
**(Denying Request to Remove State Criminal Prosecution)**

Plaintiff Anthony W. Elliott ("Elliott"), proceeding *pro se*, requests that his state criminal prosecution be removed to this Court. For the reasons that follow, the request will be denied.

## I. PROCEDURAL HISTORY

As best the Court can discern from his rambling submission, it appears that at some point in 2016, Elliott was charged in the Chesapeake Circuit Court for driving on a suspended license and speeding. (ECF No. 1 at 2.) At some point thereafter, charges of forging and uttering were initiated. (*Id.* at 3.) The Commonwealth may also have initiated some sort of "revocation" proceeding. (*Id.* at 4.) Despite offering only a convoluted account of what occurred in state court, on November 30, 2022, Elliott filed a

"NOTICE OF REMOVAL" in this Court, in which he "requests a removal" of his state criminal proceedings to this Court. (ECF No. 1 at 1, 5.)[1]

## II. REMOVAL OF CRIMINAL PROCEEDINGS

Removal of a criminal action is proper if a defendant meets the substantive requirements of 28 U.S.C. § 1443. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The Supreme Court has held that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966). Thus, Elliott must demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

A "[p]rerequisite to a removal of a pending criminal prosecution under 28 U.S.C. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted). Nevertheless, "broad contentions of

---

[1] There is no indication that Elliott ever filed a Notice of Removal in the state court. Rather, it appears that he only filed his submission with this Court. (*See* ECF No. 1 at 9.) Consequently, it appears that no state court proceeding has been interrupted at this juncture.

2

deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1)." *Dugas v. Hanover Cnty. Circuit Court*, 3:08CV72, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting *New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006).

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts *except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.*

*Id.* (emphasis added) (citations omitted); *see also South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007).

Elliott does not identify any law of general application from which it can be clearly predicted that he would not be able to enforce specified federal rights during his state prosecution.[2] *Greenwood*, 384 U.S. at 828. Rather, Elliott's arguments are based on the general notion that a conflict of interest and bias exist, ostensibly, because one of his family members is or was a sheriff's deputy, that his parents have or had an "unlawful

---

[2] For example, in *Georgia v. Rachel*, 384 U.S. 780 (1966), twenty African-American individuals were prosecuted in state court for criminal trespass violations as a result of their attempts to obtain service at a privately owned restaurant in Atlanta, Georgia. In contrast, federal law required such a restaurant to serve persons of all races, thus immunizing the conduct for which they were being prosecuted.

3

conservatorship and guardianship" over him, and because he believes that his brother provided or would provide false testimony against him. (ECF No. 1 at 3–4). These frivolous arguments warrant no further discussion and are clearly not sufficient to make "'an equally firm prediction that [he] would be 'denied or cannot enforce' . . . specified federal rights in the state court.'" *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quoting *Rachel,* 384 U.S. at 804). Moreover, because Elliott "has failed to allege that his federal rights cannot be redressed at the appellate level in the [Virginia] judicial system[,] Section 1443(1) has thus not been satisfied." *Delavigne v. Delavigne,* 530 F.2d 598, 600 (4th Cir. 1976).

### III. CONCLUSION

Elliott has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court. Ordinarily, the matter would be remanded to the Circuit Court. *See Northrup v. North Carolina,* 461 F. App'x 211, 212 (4th Cir. 2012) (concluding "the proper disposition upon a determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action" (citing 28 U.S.C. §§ 1446(c)(3), (4), 1447(c); *Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005))). However, because it appears that Elliott never filed a Notice of Removal in state court, and that no state court action was interrupted, there is nothing to remand.

Accordingly, Elliott's request to remove his state criminal proceedings to this Court (ECF No. 1) will be denied. The Clerk will be directed to terminate this matter on the docket. The Court further notes that Elliott's frivolous submissions should have no effect on any state criminal prosecution.

4

The Clerk is directed to send a copy of this Memorandum Opinion to Elliott and to the Chesapeake Circuit Court.

Date: Feb. 9, 2023
Richmond, Virginia

/s/
Henry E. Hudson
Senior United States District Judge